THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT SHURBURT, Respondent, against HENRY J. NOBLE, as Warden of the City Prison of the City and County of New York, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, December 17, 1957.

*William Rand, Jr.,* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney, New York County,* attorney), for appellant.

*Archibald Palmer* of counsel (*Palmer, Masia & Palmer,* attorneys), for respondent.

BOTEIN, J. In a habeas corpus proceeding to determine the sufficiency of a warrant of extradition, the scope of the inquiry by the courts of this State is restricted to whether the prisoner is the person named in the warrant, whether he was in the demanding State at the time of the crime, and whether he is substantially charged with having committed a crime under the laws of the demanding jurisdiction. (*People ex rel. Hauptmann v. Hanley,* 153 Misc. 61, affd. 242 App. Div. 257; *People ex rel. Pizzino v. Moran,* 137 Misc. 905, affd. 231 App. Div. 724.)

The demand for extradition in this case is accompanied by affidavits made before a magistrate charging the relator with violating Act No. 26 of April 25, 1934 of the Laws of the Commonwealth of Puerto Rico, which makes it a crime to deliver a check for the purpose of defrauding another, knowing at the time that the maker or drawer has insufficient funds or credit in the bank for payment of the check (Laws of Puerto Rico [1956], tit. 33, § 1851).

There is no dispute as to the identity of the relator or his presence in Puerto Rico at the time of the alleged crime. The court below held, however, that the affidavits failed to establish that relator knew there were insufficient funds in the account on which the checks were drawn.

From the affidavits it is clear that relator delivered three checks which were not honored when presented for payment. Under the Puerto Rican statute a bank's refusal to pay checks because of insufficiency of funds or lack of credit is deemed prima facie evidence of the drawer's or indorser's knowledge

thereof (tit. 33, § 1852). We cannot say that the presumption of knowledge is unavailable, and that hence no crime is charged, merely because the affidavits indicate the checks were returned marked " Payment Stopped " rather than " Insufficient Funds ". It would appear that the transactions alleged in the affidavits may well accommodate proof of relator's actual or presumptive knowledge of insufficient funds or lack of credit to cover the checks he had issued.

It is true that where the basis of the requisition is not an indictment but a complaining affidavit, closer scrutiny is called for to prevent a removal " merely ignorant or wanton " (*People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417, 420). However, the affidavits in support of the warrant need not make such a showing as to establish beyond a reasonable doubt that the relator was actually guilty of the crime. They need only " substantially charge the person demanded with having committed a crime under the law of that state " (Code Crim. Pro., § 830). " The reasonable possibility that the act alleged to be a crime may be such in the demanding state must appear. Nothing more is required." (*People ex rel. Gellis* v. *Sheriff of Westchester,* 251 N. Y. 33, 36.)

We do not in a proceeding of this nature presume definitively and finally to determine the application or interpretation to be given to the statutes of another jurisdiction (*Drew* v. *Thaw,* 235 U. S. 432, 440). " If by any standard of criminal justice that can rationally be supposed to prevail in the demanding jurisdiction the facts set forth state the substance of a charge of crime, the relator must be surrendered " (*People ex rel. Gellis* v. *Sheriff of Westchester, supra,* p. 37). " The question is whether ' the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled ' (*Pierce* v. *Creecy,* 210 U. S. 387) ". (*People ex rel. Hayes* v. *McLaughlin,* 247 N. Y. 238, 241.) " Doubt, if there is any, must be resolved in the demanding State " (p. 242).

We are satisfied from the papers that relator was the maker or drawer of the checks, and that excluding all hearsay statements, the affidavits substantially charge him with a crime under the laws of Puerto Rico. It is of no relevance that the laws of Puerto Rico may differ from our own. We cannot on the basis of this record declare that extradition here is sought to enforce gambling debts contrary to the public policy of the State of New York, nor can we determine that the Puerto Rican statute is not in fact a criminal statute but is one designed solely to enforce the collection of private debts. A crime having been substantially charged, the relator must be surrendered.

The order appealed from should be reversed, the writ dismissed and the relator remanded to custody.

BREITEL, J. P., VALENTE, BERGAN and BASTOW, JJ., concur.

Order unanimously reversed and the writ of habeas corpus dismissed, and the relator remanded to custody. Settle order.