UNITED STATES of America ex rel. William Calvin TUCKER, Petitioner,

v.

The WARDEN OF CITY PRISON, BROOKLYN, NEW YORK, Respondent.

No. 63–M–317.

United States District Court E. D. New York.
April 30, 1963.

Legal Aid Society, Brooklyn, N. Y., for petitioner, John L. Sullivan, New York City, of counsel.

Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., for respondent.

MISHLER, District Judge.

The petition for a writ of habeas corpus prays for relief upon the ground (1) "that extradition papers are insufficient and defective" and (2) that he "is held in custody in violation of the Constitution of the United States."

Application was made to the Supreme Court of the State of New York. The petition states that any further steps to protect the rights of the Relator would be futile and, further, there is no corrective process available in the courts of the State of New York.

A hearing was held by the Court. The only oral proof offered was that of the Relator. His testimony related to his lack of understanding of the nature of the charge made against him and the inadequacies of the trial held in the Recorders Court of Cumberland County. In substance, the Relator claims that his constitutional right of due process given under the Fourteenth Amendment was violated.

The District Attorney of Kings County offered an exemplified copy of the record of the Recorder's Court, the requisition of the Governor of North Carolina, a warrant of rendition issued by the Governor of the State of New York, and an order of commitment, and the record of the application for a writ of habeas corpus to the New York State Supreme Court.

No evidence was offered by petitioner on the claim that the extradition papers are insufficient and defective.

Relator was sentenced on May 10, 1960, to eight months imprisonment on the charge of public drunk, resisting arrest, assault on an officer and assault upon his (Relator's) wife. He escaped from North Carolina State Prison on June 17, 1960.

█ Application for a writ of habeas corpus was made to the Supreme Court of the State of New York and dismissed. Petitioner, at the time of filing the instant application (and at date of hearing), had available the right of appeal to the Appellate Division of the Supreme Court of New York State. It appears that petitioner has abandoned the appeal to the State Appellate Court because the case law is unfavorable and the hope of reversal dim. It may well be, that the same reasons for denial there, are present here; here, we have the additional ground of failure to exhaust state remedies. (28 U.S.C. § 2254) Sweeney v. Woodall, 1953, 344 U.S. 86, 89, 73 S.Ct. 139, 140, 97 L.Ed. 114.

█ Further, it would appear that the attack on the conviction cannot be collaterally made where the prisoner is held in a proceeding brought under the Uniform Criminal Extradition Act. In Johnson v. Matthews, 1950, 86 U.S.App. D.C. 376, 182 F.2d 677, 679, the Court said:

"Habeas corpus is the proper process for testing the validity of the arrest and detention by the authorities of the asylum state for extradition purposes. But a petition for a writ for that purpose tests only that

detention; it does not test the validity of the original or the contemplated incarceration in the demanding state. * * * In essence the rule is that the court may determine whether a crime has been charged in the demanding state, whether the fugitive in custody is the person so charged, and whether the fugitive was in the demanding state at the time the alleged crime was committed."

Petitioner likens Relator's lot to that of a prisoner under sentence under § 1941 (1) of the New York Penal Law, commonly called "multiple offender statute". The question of whether such prisoner, whose prior conviction occurred in a foreign state, could attack that prior conviction in a proceeding under 28 U.S. C. § 2254 was answered affirmatively in United States, ex rel. La Near v. La Vallee, 1962, 2 Cir., 306 F.2d 417. The Court found that New York provided no corrective process; it said 306 F.2d at p. 419:

"* * * New York provides no method for testing the validity of convictions of other sovereigns as a basis for New York sentences under its multiple offender law * * *."

See also United States, ex rel. Compton v. Wilkins, 1963, 2 Cir., 315 F.2d 865.

The Court reasoned that since the judgment of conviction was based upon a prior conviction which was obtained in violation of the prisoner's constitutional rights " * * * the violation of due process in such cases is by New York, not by the foreign state * * *." (306 F.2d p. 420) The judgment of the foreign state having been satisfied, there is no reason for attacking the validity of that judgment; nor is a method for doing so available in the foreign state.

The validity of a judgment of the State of North Carolina is under attack. The State of North Carolina is not before the Court. This anomaly is the result of petitioner's attempt to attack the demanding state's judgment, through an attack upon the asylum state's detention. The right of the demanding state and the obligation of the asylum state in extradition proceedings are preserved in Article 4, Sec. 2, Clause 2.[1]

The obligation of the State of New York to the State of North Carolina under the Constitution and that of the State of North Carolina to the Relator can only be fulfilled by a return of the Relator to the demanding state. In Sweeney v. Woodall, 1952, 344 U.S. 86, 89–90, 73 S. Ct. 139, 140–141, 97 L.Ed. 114, rehearing denied 1953, 344 U.S. 916, 73 S.Ct. 332, 97 L.Ed. 706, the court stated:

"By resort to a form of 'self help,' respondent has changed his status from that of a prisoner of Alabama to that of a fugitive from Alabama. But this should not affect the authority of the Alabama courts to determine the validity of his imprisonment in Alabama. The scheme of interstate rendition, as set forth in both the Constitution and the statutes which Congress has enacted to implement the Constitution, contemplates the prompt return of a fugitive from justice * * * these provisions do not contemplate an appearance by Alabama in respondent's asylum to defend against the claimed abuses of its prison system."

Petition is dismissed. Relator is to be surrendered to North Carolina authorities.

Petitioner made oral application to appeal in forma pauperis. The application is granted. The surrender of the Relator is stayed until May 13th at 3:00 P.M.

Settle order on two (2) days notice.

---

1. Article 4, Sec. 2, Clause 2 states:
"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."