321 F.2d 114
 UNITED STATES ex rel. William C. TUCKER, Relator-Appellant,
v.
Jeremiah DONOVAN, the Warden of the City Prison of the City of New York, Brooklyn, New York, Respondent-Appellee.
 No. 406.
 Docket 28256.
 United States Court of Appeals Second Circuit.
 Argued June 17, 1963.
 Decided July 29, 1963.
 
 Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.
 Frank Di Lalla, Asst. Dist. Atty., Kings County, Brooklyn, N. Y. (Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., on the brief), for respondent-appellee.
 Before LUMBARD, Chief Judge, and CLARK and HAYS, Circuit Judges.
 LUMBARD, Chief Judge.
 
 
 1
 This appeal raises the question whether a federal court in an asylum state may entertain an application for a writ of habeas corpus challenging detention by the asylum state on a warrant of extradition on the allegation that the conviction in the demanding state was obtained in violation of the applicant's constitutional rights — here lack of counsel at trial. We affirm the district court's dismissal of the writ.
 
 
 2
 Tucker was convicted on May 10, 1960, in the Recorder's Court of Cumberland County, North Carolina, on charges of drunkenness and assault upon a police officer.[1] While serving his sentence of eight months Tucker escaped from custody.
 
 
 3
 On March 19, 1963, Tucker was arrested in New York on a rendition warrant for extradition to North Carolina issued by the Governor of New York. He contested his extradition in the Kings County Supreme Court on the ground that his request for counsel in the North Carolina proceeding had been denied, relying on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Judge McDonald dismissed the writ on March 27, 1963, but he granted Tucker a stay of surrender until noon the next day so he could apply to the federal court for a writ of habeas corpus. Without appealing the Supreme Court decision Tucker filed an application in the Eastern District of New York and, following a hearing on April 24, 1963 Judge Mishler dismissed his petition.
 
 
 4
 Tucker has exhausted his remedies in the courts of the asylum state — New York. Although he did not appeal from the dismissal of the writ in the Supreme Court of New York, it is clear beyond any argument that New York law affords no remedy for the claim asserted by the appellant of violations of rights in the demanding state. People ex rel. Reid v. Ruthazer, 4 A.D.2d 164, 163 N.Y. S.2d 716 (1st Dept. 1957, aff'd 5 N.Y.2d 889, 182 N.Y.S.2d 883, 156 N.E.2d 461 (1959). In such a case the state remedies are considered exhausted under 28 U.S. C. § 2254. Where state law is settled against examination into any claim such as that made here, state remedies are considered exhausted. It would serve no purpose whatever to require the appellant to go through the useless and time-consuming motions of knocking on the doors of the Appellate Division and the Court of Appeals. See United States ex rel. Smith v. Jackson, 234 F.2d 742, 747 (2 Cir. 1956). This appeal, therefore, is properly before this court.
 
 
 5
 On application for habeas corpus in extradition proceedings, the only questions properly before a court in the asylum state — be the court state or federal — is whether (1) a crime has been charged in the demanding state; (2) the fugitive in custody is the person so charged; and (3) the fugitive was in the demanding state at the time the alleged crime was committed. Johnson v. Matthews, 86 U.S.App.2d 376, 182 F.2d 677, 679, cert. denied 340 U.S. 828, 71 S. Ct. 65, 95 L.Ed. 608 (1950). The reasons for limiting the habeas corpus remedy to those grounds are aptly stated in Johnson v. Matthews, supra, and in Sweeney v. Woodall, 344 U.S. 86, 89-90, 73 S.Ct. 139, 97 L.Ed. 114 (1952). The salutary purposes of the extradition laws, adopted in substantially the same form by 44 of the 50 states, Uniform Criminal Extradition Act (1936) would be frustrated and divided were claims of the kind raised here examined by a federal court in the asylum state. Upon his return to North Carolina Tucker can then assert his claims in the appropriate state and federal courts. Johnson v. Matthews, supra, 182 F.2d at 680.[2]
 
 
 6
 In view of the time Tucker has been in custody in this proceeding and in the light of the consent of the District Attorney of Kings County, we direct that Tucker be admitted to bail in the sum of $500 pending his petition to the Supreme Court for a writ of certiorari.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 It does not appear from the record whether these charges were felonies or misdemeanors, but in our view of the case these facts are immaterial
 
 
 [2]
 Under our view of the power of the federal courts in the asylum state, whether the applicant has previously exhausted his remedies in the demanding state is irrelevant so far as the federal court in the asylum state is concerned