THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARBA G. SCARLETT, Appellant, *v.* PAUL TAYLOR, as Sheriff of the County of Tioga, Respondent.

Third Department, December 20, 1963.

*Betty D. Friedlander* for appellant.

*George Boldman, District Attorney,* for respondent.

GIBSON, J.   Relator appeals from an order of the County Court of Tioga County which dismissed a writ of habeas corpus issued to test the legality of relator's arrest and restraint under a warrant issued by the Governor of the State of New York for relator's extradition pursuant to requisition by the Governor of the State of North Carolina.   It is urged in the petition and argued here that the papers upon which the warrant was issued are insufficient in law and, further, do not charge or specify a crime under the laws of North Carolina.

The warrant recites the North Carolina Governor's representation that relator is a fugitive from justice, charged with having committed in North Carolina " the crime of ATTEMPTED RAPE (ESCAPE) ".   Relator contends that " attempted rape " is not a crime under North Carolina law (citing *State* v. *Hewett,* 158 N. C. 627, 629 [1912], in which the court said there was no such criminal offense as an " attempt to commit rape ", but did hold adequate an indictment charging assault with an " attempt ", rather than an " intent ", to commit rape).   From this it is argued that if the extradition proceedings are predicated on relator's commission of that act they charge no crime and are insufficient; but that if, as the County Court considered, the proceedings rest upon a charge of escaping from an imprisonment for " attempted rape ", the crime of escape cannot be established, absent prior conviction of, and lawful imprisonment for an actual crime.

So far as pertinent to an extradition for a crime of which the fugitive has been convicted, the Uniform Criminal Extradition Act (Code Crim. Pro., §§ 827–859), enacted in our statute, requires that the demand for extradition be accompanied, among other papers, by " a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole."   (Code Crim. Pro., § 830.)   From the papers which did accompany the demand, it appears that relator was originally arrested upon an information charging assault with intent to commit rape, a crime under the North Carolina statutes (Gen. Stat. of N. C., § 14–22); and that he was indicted for that crime, it being charged that he, " with   force   and   arms   *   *   *   unlawfully,  wilfully   and feloniously did commit an assault on [a named] female with intent, by force and against her will, to ravish and carnally know

[her] ''. The court minutes show that defendant pleaded guilty and was sentenced to be confined in State prison for a period of not less than 12 nor more than 15 years. It seems reasonably clear that he pleaded to the charge in the indictment, although in the title of the case the words '' Attempted Rape '' appear in parenthesis; and these words appear, also, in the commitment to prison, the Prison Department's requisition to the Governor and the Governor's demand; but in the Prison Department's report of escape the '' Crime '' is designated '' AWITC Rape '', obviously '' assault with intent to commit rape ''. Whether the term '' attempted rape '', as employed in some of the supportive papers, is used merely as a colloquial or an abbreviated and convenient term, indicating the actual crime of assault with intent to commit rape, does not appear and is not particularly material, as we need not and cannot go behind the North Carolina judgment which appears, and must be presumed, to have convicted relator of a felonious crime and sentenced him to prison. We find applicable here, and indeed decisive, the principles enunciated in an extradition case arising upon a Florida conviction, in which it was said: '' The papers which underlie the Governor's warrant are in due order; the relator has been identified as the person named in the Florida judgment and his presence in Florida at the time of the crime is not controverted. Those issues describe the usual boundaries of a habeas corpus directed against the Governor's warrant on extradition.'' (*People ex rel. Reid* v. *Ruthazer*, 4 A D 2d 164, 167–168, affd. 5 N Y 2d 889.)

The order should be affirmed, without costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, without costs.