**UNITED STATES of America ex rel. Billie Lee PROCTOR, alias Tommy McNeal, Petitioner,**

v.

**The STATES OF NEW YORK AND ALABAMA, Henry J. Noble, Warden of City Penitentiary, 1500 East 134th Street, Bronx 54, New York, et al., Respondents.**

United States District Court
S. D. New York.
May 19, 1964.

Billie Lee Proctor, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent. Brenda S. Soloff, Asst. Atty. Gen., of counsel.

FEINBERG, District Judge.

This is a petition for a writ of habeas corpus filed in forma pauperis under 28 U.S.C. § 1915(a). The facts are as follows.[1] On March 20, 1962, relator entered a plea of guilty to petty larceny and was sentenced to twelve months and thirty-one days at hard labor in the County Jail for Jefferson County, Alabama. On April 2, 1962, relator escaped, but was apprehended soon thereafter and returned to Jefferson County. Relator was then sentenced on July 25, 1962 to a term of one year and one day in the Alabama state penitentiary on a charge of escape.

Apparently, through some administrative error, relator was released from the state penitentiary upon the expiration of his sentence on the charge of escape, instead of being returned to Jefferson County to complete the remainder of his sentence on the charge of petty larceny. On August 15, 1963, relator was arrested and returned to Jefferson County to complete his original sentence. On August 26, 1963, relator escaped again and fled to New York where he was later arrested and convicted of a misdemeanor for which he completed serving a four month term on May 6, 1964. He presently is being held in the Manhattan House of Detention for Men on a warrant of extradition, awaiting a hearing in Manhattan Criminal Court, pursuant to Section 10 of the Uniform Criminal Extradition Act, New York Code of Criminal Procedure § 838.[2]

1. There are discrepancies in some respects between the facts as alleged by petitioner and as stated in the opposing affidavits, which contain an unsworn letter from an Alabama state official. However, these discrepancies (e. g., as to date of sentencing) are immaterial to the issues presented here.

2. Section 838 provides, inter alia, that a person arrested upon such a warrant

shall not be delivered over to the demanding state "unless he shall first be taken forthwith before a justice or judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel * * *."

Relator seeks his release on a federal writ of habeas corpus, contending that his recommitment to the Jefferson County Jail—allegedly without a hearing and without benefit of counsel—to complete the remainder of his original sentence after having been unconditionally released from the state penitentiary deprived him of his rights under the Sixth, Thirteenth, and Fourteenth Amendments to the Federal Constitution, and that any future confinement in Alabama on the original charge would similarly be in violation of his constitutional rights. No contention is made by relator that the extradition papers are technically defective or insufficient.

■ Although relator has the right to apply for a writ of habeas corpus in the extradition hearing in the Manhattan Criminal Court "to test the legality of his arrest" (N.Y.Code Crim.Proc. § 838), it is clear that New York law affords no remedy for the claim asserted by relator of violation of constitutional rights in the demanding state. People ex rel. Reid v. Ruthazer, 4 A.D.2d 164, 163 N.Y. S.2d 716 (1st Dep't 1957), aff'd, 5 N.Y. 2d 889, 182 N.Y.S.2d 833, 156 N.E.2d 461 (1959); People ex rel. Scarlett v. Taylor, 20 A.D.2d 152, 245 N.Y.S.2d 498 (3d Dep't 1963); People ex rel. Shurburt v. Noble, 4 A.D.2d 649, 169 N.Y.S.2d 181 (1st Dep't 1957). In such a case, the state remedies are considered exhausted under 28 U.S.C. § 2254, and the writ is, therefore, properly before this Court. United States ex rel. Tucker v. Donovan,

321 F.2d 114 (2 Cir. 1963), cert. denied, Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964).

■ However, the scope of inquiry of a federal court in the asylum state, on an application for habeas corpus in extradition proceedings, is as restricted as that of the state court in the asylum state. The only questions that may be considered relate to the validity of the arrest and detention by the authorities of the asylum state for extradition purposes: (1) whether a crime [3] has been charged in the demanding state; (2) whether the fugitive in custody is the person named in the warrant of extradition, and (3) whether the fugitive was in the demanding state at the time the alleged crime was committed. United States ex rel. Tucker v. Donovan, supra; United States ex rel. Morton v. McDonald, 321 F.2d 540 (2 Cir. 1963), cert. denied, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 422 (1964); Johnson v. Matthews, 86 U.S.App.D.C. 376, 182 F.2d 677, cert. denied, 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950). Relator does not raise any of these objections.[4] The constitutional objections which he does raise to the original or contemplated incarceration in Alabama must be asserted in the courts of that state. Sweeney v. Woodall, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952).

Accordingly, the petition for the release of relator under a writ of habeas corpus is denied. So ordered.

3. A misdemeanor is an extraditable offense. Ex parte Reggel, 114 U.S. 642, 5 S.Ct. 1148, 29 L.Ed. 250 (1885) (construing predecessor of 18 U.S.C. § 3182, both of which refer to "treason, felony, or other crime"); see United States ex rel. Tucker v. Donovan, 321 F.2d 114, 115 n. 1 (2 Cir. 1963), cert. denied, Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964).

4. Compare United States ex rel. Tucker v. Warden of City Prison, 217 F.Supp. 373, 374 (E.D.N.Y.), aff'd, 321 F.2d 114 (2 Cir. 1963), cert. denied, Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421

(1964). Even if relator were to have raised an issue as to identity, fugitivity or criminality, he would not be entitled to federal relief on habeas corpus at this time since state habeas corpus is presently available to test the validity of his detention on these grounds, see People ex rel. Shurburt v. Noble, 4 A.D.2d 649, 169 N.Y.S.2d 181 (1st Dep't 1957); People ex rel. Cavers v. Grasheim, 28 Misc.2d 102, 214 N.Y.S.2d 936, aff'd, 13 A.D.2d 999, 217 N.Y.S.2d 588 (1961), and, as to these issues, he has failed to exhaust state remedies, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406 (1935).