Birdie Amsterdam, J.
This is an application for a writ of habeas corpus. The petitioner Franklin Boosevelt Holloway was convicted in the Spartanburg County Court in South Carolina of the crime of housebreaking and larceny, and sentence was imposed in execution thereof. During his' confinement the petitioner escaped and fled the jurisdiction, and has been found in the County and State of New York.
Upon a requisition for the petitioner’s return issued by the Governor of the State of South Carolina, which requisition was *774 based on a warrant issued from the Spartanburg County Court charging .the petitioner with having committed the crime of prison escape, a warrant of extradition ¡was signed by the Governor of the State of New York. Pursuant to the latter’s warrant, the petitioner has been taken into custody by the respondent, the Warden of the New York City Men’s, House of Detention. ,
The relator herein predicates his prayer for habeas corpus relief on the alleged failure of the State of South Carolina to afford the petitioner his constitutional rights to counsel, in that he was not advised by the South Carolina court of his right to counsel in connection with his trial, and that .he had no legal representation; that the requisition, warrant and present detention are constitutionally tainted in that they are based on, and flow from an initial demand of right to counsel, and that such denial was fatal to the jurisdiction of.the South Carolina court; further, that his guilty pleas entered therein did not constitute a waiver of that right; that all subsequent proceedings, including the judgment of conviction and sentence, were. therefore nullities, and that,any detention grounded,on,such judgment is illegal; additionally, that his incarceration and detention, which was in a chain gang, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, and that to return him to South Carolina will further deprive him of , the same right to,be secure from such punishment. . ' .....
I find that the underlying requisition papers upon which the Governor of New York issued his warrant directing the delivery of the petitioner to the agent of South Carqlina, and the warrant itself are in proper form. The petitioner admits that he,is the person named in the requisition and warrant, and that he was present in the State of South Carolina at the time the crime for which he was convicted was committed. He does not contend that the crime, charged against him in the State of South Carolina was not a crime under the laws of that State, nor does , he assert his, innocence of the charges. ,
If the petitioner’s allegations of denial of his constitutional rights are, established as facts, then, indeed, he is entitled to relief from such denial: , However, the resolution, of the issues raised by ¡his allegations and the remedies to be invoked in pursuit of such relief, are not to be found in the courts .of New York. , . ,: .1 , - , ;
Under the claim, such as that made here, the courts of, New York are not the proper forum for the determination or inquiry of the guilt or innocence of one charged with the commission of a crime in another State, except insofar as it may be involved *775 in identifying the fugitive as the person charged with the crime, and that he was present in the demanding State’s jurisdiction at the time the crime charged was committed. (See Code Crim. Pro., § 849.)
Under the circumstances herein presented, this court is without jurisdiction to look behind the conviction of the court of South Carolina (see People ex rel. Reid v. Ruthazer, 4 A D 2d 164, affd. 5 N Y 2d 889) wherein the court held that New York law affords no remedy for the claim of violation of constitutional rights in the demanding State. (See, also, United States ex rel. Tucker v. Donovan, 321 F. 2d 114.)
It is argued by the relator that the rationale set forth in the Reid case is not applicable in view of section 1943 of the Penal Law, as revised, and he urges that the revision of section 1943 permits a constitutional attack on an out-of-State conviction, arid that the New York courts are competent to adjudicate the unconstitutionality of out-of-State convictions.
This argument has no applicability in the instant proceeding. The stated revised section merely permits a multiple offender .to challenge, on constitutional grounds, a predicate conviction relied upon by New York for an increased sentence. The wrong, for which the revised section 1943 is the remedy, is the use of unconstitutional convictions as a means of increasing punishment. It does not apply to a challenge to the legality of a conviction in a sister State when such conviction is not being used as a predicate for additional punishment under the laws of this State.
The reasoning which led to the enactment of the revised section 1943 is inapplicable to an extradition matter. In an extradition matter, the sole objective of the proceeding is the return of the fugitive to the State-from which he fled, and no attempt is made by the asylum State to make use of the allegedly unconstitutional conviction as a basis for punishment of a kind. Once returned to the demanding State the right to challenge the claimed unconstitutional conviction by State or Federal habeas corpus remains intact.
Therefore, the petition is dismissed. Order is entered accordingly, and I direct the delivery of the petitioner Franklin Roosevelt Holloway into the custody of the agent of the State of South Carolina pursuant to the warrant of extradition. The said fugitive is to be turned over to the officer of the State of South Carolina pursuant to the warrant of requisition of the Governor of the State of iSouth Carolina, and the fugitive is committed to the City Prison pending the arrival of said officer.