362 F.2d 587
 Wallace H. MUHAMMAD, a/k/a Lamont Holliday, Plaintiff-Appellant,
v.
Paul D. McGINNIS, Commissioner of Correction for the State of New York, and agents thereof, including the Warden of Green Haven Prison, Stormville, N. Y., Defendants-Appellees.
 No. 185.
 Docket 30021.
 United States Court of Appeals Second Circuit.
 Submitted June 20, 1966.
 Decided June 21, 1966.
 
 Wallace H. Muhammad, pro se.
 William D. Bresinhan, Asst. Atty. Gen. for State of New York (Louis J. Lefkowitz, Atty. Gen. for State of New York, and Ruth Kessler Toch, Acting Sol. Gen. for State of New York, on the brief), for appellees.
 Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by a plaintiff from an order of the District Court for the Southern District of New York, Inzer B. Wyatt, Judge, denying plaintiff's request for assignment of counsel under 28 U.S.C. § 1915(d).
 
 
 2
 Plaintiff's complaint alleges that he is a member of the group commonly known as "Black Muslims"; that he and others similarly situated are being deprived of the free exercise of their religious beliefs as guaranteed by the United States Constitution and § 610 of the New York Correction Law, McKinney's Consol. Laws, c. 43; and specifically that he is denied the rights to communicate with a minister of his faith, to purchase literature published by members of his faith, to worship with members of his faith under the direction of a minister from a mosque, and to observe Muslim holy days and dietary laws. The relief requested is an injunction and damages in the amount of $500,000.
 
 
 3
 The District Court did not abuse its discretion in denying the requested appointment of counsel. Appellant stands no chance of obtaining relief in the federal courts upon the grounds stated in his complaint unless and until the correctional authorities and the courts of New York fail in their present efforts to work out within a reasonable time a sound compromise, based upon careful factual study, between the needs of freedom of worship and prison discipline. Moreover, this proceeding is civil in nature. Sostre v. McGinnis, 334 F.2d 906 (2d Cir.), cert. denied, 379 U.S. 892, 85 S.Ct. 168, 13 L.Ed.2d 96 (1964). See Miller v. Pleasure, 296 F.2d 283, 284-285 (2d Cir. 1961), cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).
 
 
 4
 Affirmed.