St. Clair E. MILLER, Plaintiff-Appellant,
v.
Dr. Hyman PLEASURE et al.,
Defendants-Appellees.

Docket 34333.

United States Court of Appeals,
Second Circuit.

Motion Argued April 6, 1970.

Decided April 9, 1970.

St. Clair E. Miller, pro se.

Before WATERMAN and FRIEND-LY, Circuit Judges, and ZAMPANO,* District Judge.

PER CURIAM.

This proceeding is an outgrowth of two previous unsuccessful actions in the District Court for the Southern District of New York, which reached us under the titles Miller v. Miller, 2 Cir., 296 F.2d 283 (1961), and Miller v. Pleasure, 2 Cir., 296 F.2d 283, cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). Plaintiff later brought an action in the District Court for the Eastern District of Pennsylvania, claiming that the defendants had imprisoned him in order to defeat the earlier suits. That court granted him leave to proceed *in forma pauperis* and transferred the action to the District Court for the Southern District of New York. There Chief Judge Sugarman declined to "request an attorney to represent" the plaintiff, 28 U.S.C. § 1915(d). Having appealed from that order, plaintiff moves that we set a date for hearing the appeal.

In Miller v. Pleasure, *supra,* a panel consisting of Judges Clark, Hincks and Friendly expressed serious doubt concerning the appealability of a similar order but resolved this in appellant's favor and denied relief on the merits. See also Muhammad v. McGinnis, 362 F.2d 587 (2 Cir. 1966). We are now convinced otherwise. As pointed out in the previous opinion, the statement in Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950), upholding the appealability of an order denying leave to proceed *in forma pauperis* is not truly apposite. Such an order closes the door to the courthouse to a plaintiff having a right to enter if he is indigent as he claims; an order declining to request an attorney to represent him simply denies an added facility in the prosecution of his claim which Congress has left to the discretion of the court. The growing burdens on the courts of appeals, with nearly three times as many appeals in 1969 as in 1960, see Administrative Office of the United States Courts, Annual Report of the Director, 1969, Table II–4, requires us to look on appeals alleged to come under the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), with greater care than a decade ago. See West v.

* Of the District of Connecticut, sitting by designation.

Zurhorst, 2 Cir., 425 F.2d 919. Appeals from orders declining to appoint counsel in civil *in forma pauperis* cases are peculiarly burdensome, since determination whether the district judge abused his discretion requires considerable exploration of the merits.

The motion is denied and the appeal is dismissed for want of jurisdiction.