Robert HOLT, Plaintiff-Appellant,

v.

J. Paul FORD, Warden, et al.,
Defendants-Appellees.

No. 86–8837
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 5, 1987.
Order Granting Rehearing
In Banc Nov. 24, 1987.

Robert Holt, pro se.

William F. Amideo, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case of first impression in this Circuit, we decide that the denial of appointment of counsel to an *in forma pauperis* section 1983 plaintiff is not immediately appealable. Plaintiff Robert Holt, a Georgia state prisoner, instituted this 42 U.S.C.A. § 1983 civil rights action seeking declaratory and injunctive relief as well as monetary damages from certain specified officials of the Jack T. Rutledge State Correctional Institution. Plaintiff was permitted to proceed *in forma pauperis*, but the district court denied his request for appointment of counsel. Plaintiff appealed.

This Court has held that a district court's refusal to appoint counsel in an action arising under Title VII pursuant to 42 U.S.C.A. § 2000e–5(f)(1) is immediately appealable under the collateral order doctrine. *Caston v. Sears Roebuck & Co.,* 556 F.2d 1305, 1308 (5th Cir.1977); *see Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*) (Eleventh Circuit bound by decisions of former Fifth Circuit prior to October, 1981). Although there is no principled distinction in the standard for appointment of counsel in an action brought under Title VII and an *in forma pauperis* proceeding brought under section 1983, there is a difference in the practical application of the *Cohen* requirements for appealability of non-final orders. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949).

The empowering statutory provisions of 42 U.S.C.A. § 2000e–5(f)(1) and 28 U.S.C.A. § 1915(d) are indistinguishable with respect to the discretion given the courts to appoint or refuse appointment of counsel. Under 28 U.S.C.A. § 1915(d), a federal court "may request" an attorney to represent any person unable to afford counsel, while under 42 U.S.C.A. § 2000e–5(f)(1), a court "may appoint" an attorney to represent the litigant. Several circuits reaching the issue of immediate appealability have specifically focused on the similarity of the language of these two statutory provisions. *See, e.g., Henry v. City of Detroit Manpower Dept.,* 763 F.2d 757, 763 (6th Cir.) (*en banc*) ("the question of appealability is the same whether counsel is sought under Title VII or 28 U.S.C.A. § 1915(d)"), *cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Robbins v. Maggio,* 750 F.2d 405, 410 n. 6 (5th Cir.1985) ("For purposes of the issue of appealability ... we find no significant legal distinction between a Title VII case and a § 1983 case.");

*Bradshaw v. Zoological Soc. of San Diego,* 662 F.2d 1301, 1305 n. 11 (9th Cir.1981).

Seven circuits have now held such orders are not immediately appealable. *Miller v. Simmons,* 814 F.2d 962 (4th Cir.1987); *Henry v. City of Detroit Manpower Department,* 763 F.2d 757 (6th Cir.) *(en banc), cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Smith-Bey v. Petsock,* 741 F.2d 22 (3d Cir.1984); *Appleby v. Meachum,* 696 F.2d 145 (1st Cir.1983); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981); *Cotner v. Mason,* 657 F.2d 1390 (10th Cir. 1981); *Miller v. Pleasure,* 425 F.2d 1205 (2d Cir.), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970).

In *Caston v. Sears,* this Court based its decision to allow interlocutory appeal of denial of counsel in Title VII cases on the settled appealability of orders denying leave to proceed *in forma pauperis. Caston,* 556 F.2d at 1307–08. In *Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950), the Supreme Court held that an order denying leave to proceed *in forma pauperis* was appealable under 28 U.S.C.A. § 1291 and *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We have also held that orders denying applications to proceed *in forma pauperis* pursuant to 28 U.S.C.A. § 1915 are appealable under the collateral order doctrine. *Flowers v. Turbine Support Div.,* 507 F.2d 1242, 1244 (5th Cir.1975).

Some of the circuits which have denied appealability of refusal to appoint counsel in section 1983 cases have rejected the *Caston* approach to appealability of such orders in Title VII cases. In *Miller v. Pleasure,* the Second Circuit was troubled by the extension of the *Roberts* rationale from denial of leave to proceed *in forma pauperis* to denial to assign counsel. *Miller v. Pleasure,* 296 F.2d 283, 284 (2d Cir.1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962) *(Miller I).* "There is a distinction and the question appears close; but the Supreme Court does not suggest any limitation and the practical effect in each case seems fairly similar." *Id.* Nine

years later, however, the Second Circuit found the analogy of denying appointed counsel to denying leave to proceed *in forma pauperis* no longer truly apposite. While the latter "closes the door to the courthouse to a plaintiff having a right to enter ... an order declining to request an attorney to represent him simply denies an added facility in the prosecution of his claim which Congress has left to the discretion of the court." *Miller v. Pleasure,* 425 F.2d 1205 (2d Cir.1970) *(Miller II); see also Welch v. Smith,* 810 F.2d 40 (2d Cir.1987) (discussing the history of *Miller I* and *Miller II* in the Second Circuit). The Court there explained its reconsideration of the issue by noting:

> The growing burdens on the courts of appeals, with nearly three times as many appeals in 1969 as in 1960 ... requires us to look on appeals alleged to come under the 'collateral order' doctrine of *Cohen* ... with greater care than a decade ago. Appeals from orders declining to appoint counsel in civil *in forma pauperis* cases are particularly burdensome, since determination whether the district judge abused his discretion requires considerable exploration of the merits.

*Miller II,* 425 F.2d at 1205–06 (citations omitted). *See also Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986) *(en banc ).*

Other Circuits finding earlier formulations now untenable have abandoned precedent allowing immediate appeal from denial of appointed counsel. *See, e.g., Henry v. City of Detroit Manpower Dept.,* 763 F.2d 757 (6th Cir.), *(en banc), cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985), *vacating Henry v. City of Detroit Manpower Dept.,* 739 F.2d 1109 (6th Cir. 1984); *Smith-Bey v. Petsock,* 741 F.2d 22 (3d Cir.1984), *overruling Ray v. Robinson,* 640 F.2d 474 (3d Cir.1981); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981), *overruling Jones v. WFYR Radio/RKO General,* 626 F.2d 576 (7th Cir.1980); *Miller v. Pleasure,* 425 F.2d 1205 (2d Cir.1970), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970), *overruling Miller v. Pleasure,* 296 F.2d 283 (2d Cir.1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

Since this Circuit has not yet decided the issue and since the decision to allow interlocutory appeals is based to some extent on policy considerations and discretion, we follow the result of the other seven circuits, without disturbing the result in *Caston*, and hold that a denial of appointed counsel pursuant to section 1915(d) in an action arising under section 1983 is not immediately appealable.

APPEAL DISMISSED.

On Rehearing In Banc

Before RONEY, Chief Judge, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK and EDMONDSON, Circuit Judges.

BY THE COURT:

A majority of the judges in active service, on the Court's own motion, having determined to have this case reheard in banc,

IT IS ORDERED that the above cause shall be reheard by this court in banc *without* oral argument on a date hereafter to be fixed. The clerk will specify a briefing schedule for the filing of in banc briefs. The previous panel's opinion is hereby vacated.