**Robert HOLT, Plaintiff–Appellant,**

v.

**J. Paul FORD, Warden, et al., Defendants–Appellees.**

No. 86–8837.

United States Court of Appeals, Eleventh Circuit.

Jan. 4, 1989.

Roney, Chief Judge, concurred in Part I and filed special concurrence in Part II.

Vance, Circuit Judge, dissented and filed opinion in which Johnson, Hatchett, and Clark, Circuit Judges, joined.

Hill, Tjoflat, Fay, Anderson, Edmondson and Cox, Circuit Judges, concurred in Parts I and II of the majority opinion.

William F. Amideo, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, EDMONDSON and COX, Circuit Judges.

KRAVITCH, Circuit Judge:

We have convened in banc to consider whether an order denying a motion for appointed counsel in an in forma pauperis action brought pursuant to 42 U.S.C. § 1983 is immediately appealable under 28 U.S.C. § 1291. We hold that it is not.

## I.

Section 1291 provides for appellate review of "final decisions" of the district courts. As a general rule, a district court's decision is final and appealable under this section only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Ordinarily, then, a party must raise all claims of error in a single appeal following final judgment on the merits.[1] In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), however, the Supreme Court recognized an exception to the final judgment rule for a "small class" of decisions that "finally determine claims of right separable

from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–26. In *Cohen*, the Court held that a district court's refusal to require a plaintiff in a shareholder's derivative suit to post security for costs was within this "small class" of decisions.

More recently, the Supreme Court has refined the *Cohen* exception by articulating a three-pronged test to determine whether an order that does not finally resolve a case is nonetheless appealable under section 1291. To qualify for immediate review under this test, a non-final order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). Because an order denying a motion for appointed counsel does not terminate the underlying litigation, it is appealable under section 1291 only if it falls within the *Cohen* exception. Concluding that such an order fails all three prongs of the *Cohen* test, we now join eight other circuits in holding that a denial of appointed counsel is not immediately appealable under section 1291. *See Miller v. Simmons*, 814 F.2d 962 (4th Cir.), cert. denied, —— U.S. ——, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir.1986); *Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757 (6th Cir.) (in banc), cert. denied, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Smith–Bey v. Petsock*, 741 F.2d 22 (3d Cir.1984); *Appleby v. Meachum*, 696 F.2d 145 (1st Cir.1983); *Randle v. Victor*

---

1. The final judgment rule serves a number of important purposes. It emphasizes the deference that appellate courts owe to trial courts, see *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), and "avoid[s] the obstruction of just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to

entry of final judgment," see id., 101 S.Ct. at 673 (quoting *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940)). In addition, it "prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974).

*Welding Supply Co.*, 664 F.2d 1064 (7th Cir.1981); *Cotner v. Mason*, 657 F.2d 1390 (10th Cir.1981); *Miller v. Pleasure*, 425 F.2d 1205 (2d Cir.), *cert. denied*, 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970).

■ To satisfy the first requirement of the *Cohen* test, an order must "conclusively determine the disputed question." *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458. In other words, "[t]o be appealable as a final collateral order, the challenged order must constitute 'a complete, formal and, in the trial court, final rejection'" of a claimed right. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (quoting *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977)). In *Coopers & Lybrand* the Court held that an order denying class certification failed the first prong of the *Cohen* test because it was "inherently tentative" under Federal Rule of Civil Procedure 23(c)(1), which provides that such an order may be "altered or amended before the decision on the merits." 437 U.S. at 469 & n. 11, 98 S.Ct. at 2458 & n. 11. Recently, the Court has made clear that the reasoning of *Coopers & Lybrand* extends to all orders that "a district court ordinarily would expect to reassess and revise ... in response to events occurring 'in the ordinary course of litigation,'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n. 14, 103 S.Ct. 927, 935 n. 14, 74 L.Ed.2d 765 (1983)), and is not limited to orders entered pursuant to Rule 23. Thus, in *Gulfstream Aerospace*, the Court held that an order denying a motion to stay or dismiss an action pursuant to the *Colorado River* doctrine[2] failed the first prong of the *Cohen* test for the following reasons:

A district court that denies a *Colorado River* motion does not "necessarily contemplate" that the decision will close the matter for all time. In denying such a motion, the district court may well have determined only that it should await further developments before concluding that the balance of factors to be considered under *Colorado River* warrants a dismissal or stay. The district court, for example, may wish to see whether the state-court proceeding becomes more comprehensive than the federal-court action or whether the former begins to proceed at a more rapid pace. Thus, whereas the granting of a *Colorado River* motion necessarily implies an expectation that the state court will resolve the dispute, the denial of such a motion may indicate nothing more than that the district court is not completely confident of the propriety of a stay or dismissal at that time.

108 S.Ct. at 1137–38 (citations omitted).

The Court's reasoning in *Gulfstream Aerospace* convinces us that an order denying appointed counsel fails the first prong of the *Cohen* test. Like an order refusing to stay or dismiss a federal court action pursuant to the *Colorado River* doctrine, an order denying appointed counsel does not "close the matter for all time." *Gulfstream Aerospace*, 108 S.Ct. at 1137. Instead, the denial of appointed counsel usually indicates "nothing more than that the district court is not completely confident of the propriety of [court appointed counsel] at that time." *Id.* at 1138. If a case, as it develops, reveals itself to be legally or factually more complex than the complaint had indicated, a district court could reconsider a previous decision to deny appointed counsel. In sum, an order denying appointed counsel is one that "a district court ordinarily would expect to reassess and revise ... in response to events occurring 'in the ordinary course of litigation,'" *id.* at 1137 (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 12 n. 14, 103 S.Ct. at 935 n. 14), and consequently fails the first prong of the *Cohen* test. *See also Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 761–62 (6th Cir.) (in banc) (orders denying appointed counsel are presumptively tentative), *cert. denied*,

---

**2.** In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) the Court held that in exceptional circumstances a federal district court may stay or dismiss an action solely because similar litigation is pending in state court.

474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Appleby v. Meachum,* 696 F.2d 145, 147 (1st Cir.1983) (order denying appointed counsel is subject to revision).[3]

■ To fulfill the second prong of the *Cohen* test an order must be "completely separate from the merits of the action." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458. Thus, for example, an order denying class certification fails this prong of the *Cohen* test because it "involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.* at 469, 98 S.Ct. at 2458 (quoting *Mercantile Nat'l Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963)). Orders disqualifying counsel in civil cases also are not sufficiently separable from the merits to qualify for interlocutory appeal. *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 2765–66, 86 L.Ed.2d 340 (1985).

■ An order denying a motion for appointed counsel is similarly flawed. A district court has discretionary authority, under 28 U.S.C. § 1915(d), to appoint counsel for indigent litigants in civil cases.[4] In determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel. *See Jackson v. Dallas Police Dept.,* 811 F.2d 260, 261–62 (5th Cir.1986); *Hodge v. Police Officers,* 802 F.2d 58, 60–61 (2d Cir.1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986); *Maclin v. Freake,* 650 F.2d

885, 887–88 (7th Cir.1981) (per curiam); *cf. Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir.1977) (merits of case is factor in determining if district court abused discretion in denying appointed counsel in a Title VII case).[5] Naturally, then, in reviewing a denial of appointed counsel for an abuse of discretion, this court also would have to consider such factors, thereby becoming "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458. Thus, an order denying appointed counsel fails the second prong of the *Cohen* test. *See Miller v. Simmons,* 814 F.2d 962, 966 (4th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Wilborn v. Escalderon,* 789 F.2d 1328, 1330 (9th Cir.1986); *Smith–Bey v. Petsock,* 741 F.2d 22, 24–25 (3d Cir.1984); *Appleby v. Meachum,* 696 F.2d 145, 147 (1st Cir.1983); *Miller v. Pleasure,* 425 F.2d 1205, 1206 (2d Cir.1970).

■ The third prong of the *Cohen* test requires an order to "be effectively unreviewable on appeal from a final judgment." Recently, in *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) the Court stressed the stringency of this prong of the *Cohen* test: "To be appealable as a final collateral order, the challenged order must constitute 'a complete, formal, and, in the trial court, final rejection,' of a claimed right 'where denial of immediate review would *render impossible any review whatsoever.*'" *Id.* at 376, 101 S.Ct. at 675 (emphasis added) (citations omitted).[6] Denial of a motion to

**3.** In *Miller v. Simmons,* 814 F.2d 962, 965–66 (4th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987) the Fourth Circuit held that an order denying appointed counsel in a § 1983 case failed the first prong of the *Cohen* test because it was entered without prejudice and was therefore inherently tentative. We do not think that an order denying appointed counsel is inherently tentative only if it is entered without prejudice. Instead, based on *Gulfstream Aerospace,* we agree with the Sixth Circuit that an order denying appointed counsel should be presumed tentative unless expressly made final. *See Henry,* 763 F.2d at 761–62.

**4.** 28 U.S.C. § 1915(d) provides, in pertinent part, that "[t]he court may request an attorney

to represent any such person unable to employ counsel...."

**5.** The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**6.** In *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) the Court once again stressed that "[t]he collateral order doctrine is a 'narrow exception' whose reach is limited to trial court orders affecting rights that will be *irretrievably lost* in the absence of immediate appeal." *Id.* at 2761 (emphasis added) (citations omitted).

disqualify counsel did not meet this rigid standard because there was a "plainly adequate" remedy for an erroneous refusal to disqualify: "[S]hould the Court of Appeals conclude after the trial has ended that permitting continuing representation was prejudicial error, it would retain its usual authority to vacate the judgment appealed from and order a new trial." *Id.* at 378, 101 S.Ct. at 675. Likewise, an appellate court could remedy the effects of an erroneous denial of appointed counsel by vacating the judgment appealed from and ordering a new trial with appointed counsel.[7] Postponing review of an order denying appointed counsel does not result in the effective denial of review; consequently, such an order does not satisfy the third requirement of the *Cohen* test. *See Miller v. Simmons,* 814 F.2d 962, 966–67 (4th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Smith–Bey v. Petsock,* 741 F.2d 22, 25–26 (3d Cir.1984); *Ap-*

*pleby v. Meachum,* 696 F.2d 145, 146 (1st Cir.1983); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1066–67 (7th Cir. 1981); *Cotner v. Mason,* 657 F.2d 1390, 1391–92 (10th Cir.1981); *cf. Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (appeal allowed prior to trial where defendant seeks to avoid double jeopardy); *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (order denying motion to reduce bail immediately appealable); *Roberts v. United States,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (denial of leave to proceed in forma pauperis is immediately appealable);[8] *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1950) (refusal to require plaintiff to post security for costs immediately appealable).

## II.

In *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir.1977) this court's prede-

7. In *Robbins v. Maggio,* 750 F.2d 405 (5th Cir. 1985), the Fifth Circuit decided that an order denying appointed counsel is effectively unreviewable on appeal because "there remains a great risk that a civil rights plaintiff may abandon a claim or accept an unreasonable settlement in light of his own perceived inability to proceed with the merits of his case, resulting in the loss of vital civil rights claims." *Id.* at 412–13. Initially, we question the validity of this assumption, agreeing with the Fourth Circuit that it is just as "reasonable to believe that a *pro se* litigant who has the ability to perfect an immediate appeal upon denial of appointment of counsel by the district court would be equally able to raise the denial of appointment of counsel should he be unsuccessful on the merits and take a final appeal in the matter." *Miller v. Simmons,* 814 F.2d 962, 967 (4th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987).

·Moreover, even if an order denying appointed counsel causes some § 1983 litigants to abandon their claims, this does not mean that such an order satisfies the third prong of the *Cohen* test. In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the court of appeals took jurisdiction over a district court order denying class certification on the ground that if the order stood, it would be the "death knell" of the case because many plaintiffs would abandon their claims for economic reasons. The Supreme Court reversed, first holding that an order denying class certification did not fall within the *Cohen* exception, and then explicitly refusing to recognize the "death knell" doctrine as a new exception to the final judgment rule. "[T]he fact that an interlocutory

order may induce a party to abandon his claim before final judgment," the Court held, "is not a sufficient reason for considering it a 'final decision' within the meaning of § 1291." *Id.* at 477, 98 S.Ct. at 2462. We think that the Court's rejection of the "death knell" doctrine as an exception to the final judgment rule also means that an order denying appointed counsel should not be deemed "effectively unreviewable on appeal from a final judgment" simply because there is a chance that a litigant will abandon his claim as a result of the order. *But see Robbins,* 750 F.2d at 412 n. 11 (*Coopers & Lybrand* overruled death knell doctrine only in context of denial of class certification); *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1310 n. 22 (9th Cir.1981) (death knell doctrine "entirely different" from *Cohen* test and does not apply to "[a]bandonment of a claim out of self-recognized inability to litigate a complex civil case").

8. The appealability of a denial of appointed counsel to an in forma pauperis plaintiff in a § 1983 case should be distinguished from the appealability of a denial of leave to proceed in forma pauperis. If not granted in forma pauperis status, an indigent litigant is barred from proceeding at all in district court. Thus, the denial of leave to proceed in forma pauperis is "effectively unreviewable on appeal from a final judgment," *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), as there will be no final judgment from which to appeal. As explained above, however, this is not so when an indigent litigant is denied appointed counsel.

cessor held that a denial of appointed counsel in a Title VII case was immediately appealable under the *Cohen* exception to the final judgment rule. We see no principled basis for distinguishing orders denying appointed counsel in Title VII cases from such orders in section 1983 cases. *See Henry v. City of Detroit Manpower,* 763 F.2d 757, 763 (6th Cir.) (in banc), *cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Robbins v. Maggio,* 750 F.2d 405, 410 n. 6 (5th Cir.1985); *Slaughter v. City of Maplewood,* 731 F.2d 587, 589 (8th Cir.1984).[9] Thus we doubt the continued viability of *Caston.* Because the appealability of the denial of counsel in a Title VII case is not before us, however, we decline to address that issue at this time.

The appeal is DISMISSED for lack of jurisdiction.

RONEY, Chief Judge, concurs in Part I and specially concurs in Part II.

VANCE, Circuit Judge, dissents, joined by JOHNSON, HATCHETT and CLARK, Circuit Judges.

HILL, TJOFLAT, FAY, ANDERSON, EDMONDSON and COX, Circuit Judges, concur in Parts I and II of the majority opinion.

RONEY, Chief Judge, specially concurring:

I concur in Judge Kravitch's opinion as to Part I. The *in banc* court has the authority to make this decision, without regard to the panel opinion in *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir.1977). I would leave for a Title VII case to comment on the effect of this decision on *Caston.*

VANCE, Circuit Judge, dissenting:

In *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308 (5th Cir.1977), our predecessor court held that the denial of an application for appointed counsel under Title VII is immediately appealable pursuant to 28 U.S.C. § 1291. The *Caston* court had

"little hesitation" in reaching this conclusion under the *Cohen* exception. 556 F.2d at 1308. The majority today seems to have just as little hesitation in reaching the opposite conclusion with regard to suits under section 1983. Because I believe that there is no justification for abandoning the *Caston* analysis, I respectfully dissent.

I.

I agree with the majority that there is no principled basis for distinguishing between the appealability of denials of appointed counsel in Title VII cases and in section 1983 cases. *See Robbins v. Maggio,* 750 F.2d 405, 410 n. 6 (5th Cir.1985); *Slaughter v. City of Maplewood,* 731 F.2d 587, 589 (8th Cir.1984). The majority unfortunately responds to this realization by reaching out to cast doubt upon binding precedent on an issue that is not before us, in order to make the law consistent with today's result. I believe the opposite approach is more appropriate. I would make the result in this case consistent with binding precedent.

A.

Analyzing the appealability of an order denying appointed counsel in section 1983 cases, the majority finds that such an order satisfies none of the three requirements articulated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The majority first concludes that an order denying appointed counsel does not "conclusively determine" the question of appointed counsel because such an order is "inherently tentative" and does not "close the matter for all time." *Ante* at 871 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* — U.S. —, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988)).

While this reasoning is initially appealing, it does not withstand closer scrutiny. As Justice Scalia has noted:

A categorical order otherwise qualifying for *Cohen* treatment does not necessarily

9. *But see Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir.1981).

lose that status, and become "nonfinal," merely because the court may contemplate—or even, for that matter, invite—renewal of the aggrieved party's request for relief at a later date. The claim to *immediate* relief ... is categorically and irretrievably denied.

*Gulfstream Aerospace,* 108 S.Ct. at 1144 (Scalia, J., concurring) (emphasis in original). I believe that when the district court denied appellant's motion for appointment of counsel, it *denied* the motion. *See Henry v. City of Detroit Manpower Dept.,* 763 F.2d 757, 765 (6th Cir.) (in banc) (Contie, Circuit Judge, concurring), *cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985). The district court did not indicate that its order was tentative.[1] *See Bradshaw v. Zoological Soc'y of San Diego,* 662 F.2d 1301, 1306 (9th Cir.1981). In addition, unlike *Cohen* and *Coopers & Lybrand,* there is no statute or rule implying that orders denying appointment of counsel are "inherently tentative." *See id.*[2]

Even *Gulfstream Aerospace,* the primary case relied on by the majority, does not support the majority's conclusion. *Gulfstream Aerospace* involved the denial of a motion to stay or dismiss under the *Colorado River* doctrine because of the pendency of similar litigation in state court. 108 S.Ct. at 1135. The *Colorado River* analysis involves consideration of a number of factors, including the relative comprehensiveness and progress of the state court and federal court actions. *See id.* at 1135 n. 1; *Noonan South, Inc. v. County of Volusia,* 841 F.2d 380, 382 (11th Cir.1988). Thus an order denying a *Colorado River*

motion is "inherently tentative" because the two actions may proceed at different rates, possibly requiring the district court to consider granting the motion at a later date.

Denial of a motion for appointed counsel in a Title VII or section 1983 case does not present an analogous situation. I do not agree with the majority that the denial of court appointed counsel usually indicates nothing more than a lack of complete confidence in the propriety of appointing counsel at the time.[3] Denial of court appointed counsel usually indicates that the plaintiff is not going to get court appointed counsel.

The majority believes that if a case "reveals itself" to be more complex than the district court originally believed, then the court can reconsider its previous decision to deny counsel. This overlooks the likelihood that without counsel the complexity, or indeed the merits, of the plaintiff's case may never be revealed.

The majority's scholarly analysis of the first prong of the *Cohen* test has some appeal. I agree that the "inherently tentative" principle applies outside the Rule 23 context. I do not believe, however, that the principle applies to orders denying appointed counsel in section 1983 and Title VII cases. I therefore conclude that such orders satisfy the first prong of the *Cohen* and *Coopers & Lybrand* test.

### B.

The majority next finds that an order denying a motion for appointed counsel

---

**1.** The district court's order states: "The Court declines to appoint counsel to represent the plaintiff in the damage suit above identified."

**2.** *Cohen* involved a bond statute which expressly provided for reconsideration from time to time. *See* 337 U.S. at 544, 547, 69 S.Ct. at 1224, 1226. *Coopers & Lybrand* involved Fed.R.Civ.P. 23, which provides that orders "involving class status may be altered or amended before the decision on the merits." 437 U.S. at 469 n. 11, 98 S.Ct. at 2458 n. 11; *see* Fed.R.Civ.P. 23(d).

**3.** Other judges have noted that while this proposition is appealing, it cannot be correct.

The ... observation that the decision to deny the appointment of legal counsel for victims

of civil rights violations is subject to a trial judge's change of heart or mind is irrefutably correct. It is this very truism which prompted this controversy; had the initial decision to deny legal counsel assumed the classical status of a final disposition the issue of interlocutory review would be non-existent. Because the precedent articulated by *Cohen* subsumes the premise that a trial court may at any time, even after judgment, reconsider its decision, it is reasonable to conclude that the Supreme Court's decision in *Cohen* contemplated a far more subtle evaluation....

*Henry,* 763 F.2d at 765 (Krupansky, Circuit Judge, dissenting).

fails the second *Cohen* and *Coopers & Lybrand* requirement that the order be completely separate from the merits. Because district courts typically consider factors such as the merits and complexity of the claim in ruling on motions for appointed counsel, the majority fears that appellate courts reviewing such rulings will become enmeshed in the factual and legal issues comprising the Title VII or section 1983 claim.

I believe we should not depart from the *Caston* court's holding that "the refusal to appoint an attorney is collateral to the merits of the case." 556 F.2d at 1308. While I agree with the majority that orders denying counsel involve consideration of the merits, this consideration does not amount to becoming "enmeshed." Such rulings merely require courts to determine whether the underlying claim has *some* merit. *See Henry*, 763 F.2d at 767 (Krupansky, Circuit Judge, dissenting); *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3rd Cir.1984) (Gibbons, Circuit Judge, dissenting); *Bradshaw*, 662 F.2d at 1308. Consideration of the merits is actually quite minimal, involving a primarily procedural determination of whether the merits will be presented with or without counsel. *Bradshaw*, 662 F.2d at 1308. An appellate court's decision on appeal from a denial of counsel also does not affect the district court's determination of the merits. *Id.* at 1308–09; *see also Robbins*, 750 F.2d at 412 (appellate courts "review orders denying counsel in light of facts before the district court when the denial of appointment of counsel was ordered, and not in relation to what ensued at trial").

While an order denying appointed counsel in civil rights cases implicates the legal and factual issues in the plaintiff's cause of action, it does not do so in a way sufficient to prevent such an order from meeting the second *Cohen* requirement.[4] As the Ninth Circuit observed such an order

> involves only incidental and usually indirect reference to the substance of the plaintiff's claim. It is not, however, dependent on the merits in a manner that renders it unappealable under section 1291, and does not, under any circumstances, require the court to become "enmeshed" in the issues involved in a determination of the merits.

*Bradshaw*, 662 F.2d at 1308. I therefore conclude that the type of order in this case meets the second *Cohen* and *Coopers & Lybrand* requirement.

### C.

The majority holds finally that an order denying appointed counsel in civil rights cases does not satisfy the third requirement of *Cohen* and *Coopers & Lybrand* because an appellate court can "remedy the effects" of an erroneous denial of such an order by vacating the judgment on appeal and ordering a new trial with appointed counsel. The majority concludes that an order denying appointed counsel in civil rights cases therefore is not effectively unreviewable.

This reasoning loses sight of the fact that "the application for the third *Coopers & Lybrand* requirement is not whether a claim becomes jurisdictionally unreviewable, but whether it becomes *effectively* unreviewable." *Robbins*, 750 F.2d at 413 (emphasis in original); *see Henry*, 763 at 768 (Krupansky, Circuit Judge, dissenting). I do not believe that we can be confident that *pro se* litigants can properly evaluate whether an appeal should be taken after a decision on the merits, let alone successfully or even coherently pursue an appeal so that an appellate court may meaningfully review the denial of counsel. *See Robbins*, 750 F.2d at 413; *Bradshaw*, 662 F.2d at 1311.

The civil rights law involved in these cases is substantively complex and procedurally labyrinthine, involving shifting burdens of proof and unsettled areas of law. The intricacies of the Title VII burden of proof allocation set forth in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–58, 101 S.Ct. 1089, 1093–96, 67 L.Ed.2d 207 (1981), and *McDonnell Doug-*

---

**4.** As the Ninth Circuit has pointed out, other orders that are appealable under *Cohen* require some reference to the merits. *Bradshaw*, 662 F.2d at 1309.

*las Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), and the complexities of section 1983 case law under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), cause considerable difficulty for most lawyers and many judges. It is unfair and unreasonable to expect a plaintiff without legal training to present an adequate case in this context. *Caston,* 556 F.2d at 1308; *see Henry,* 763 F.2d at 772 (Jones, Circuit Judge, dissenting); *Robbins* 750 F.2d at 412; *Bradshaw,* 662 F.2d at 1311–12. I agree with Judge Hill's statement in *Caston* that "[t]he decision to deny the assistance of an appointed attorney to a layman unschooled in the law in an area as complicated as the civil rights field is truly too important to be deferred until a resolution on the merits can be had." 556 F.2d at 1308.

The majority's holding that orders denying appointed counsel in section 1983 actions are not appealable and its suggestion that *Caston* should be abandoned would defeat the remedial purposes of Title VII and section 1983. Many meritorious claims will now go without remedy due to abandonment, acceptance of an unreasonably low settlement or pure inability to prosecute these claims at trial. *See Robbins,* 750 F.2d at 412–13 & n. 11; *Bradshaw,* 662 F.2d at 1310–11; *see also Henry,* 763 F.2d at 768 (Krupansky, Circuit Judge, dissenting) (citing congressional statutes designed to insure appointment of counsel for indigents). To delay review of an order denying appointed counsel violates statutory policy under Title VII and section 1983 by depriving plaintiffs of their right to an expeditious determination of their substantive rights under these statutes. *See Henry,* 763 F.2d at 767–68 & n. 3 (Krupansky, Circuit Judge, dissenting); *Bradshaw,* 662 F.2d at 1311–12 & n. 25.

The majority places great stock in the ability of appellate courts to remedy the effects of an erroneous denial of appointed counsel. While I share the majority's faith

in our appellate courts, appellate review has its limitations. The most important problem is that where a district court has denied a civil rights plaintiff appointed counsel, the record on appeal probably will not be sufficient to reveal what the plaintiff could have proved if counsel had been appointed. Appellate review cannot function as a protection from an erroneous denial of appointed counsel when there is nothing to review. Even if such plaintiffs somehow managed to obtain a new trial, they would be bound by certain inevitable prejudicial errors committed at the first trial. *See Bradshaw,* 662 F.2d at 1311–12.

The majority relies almost exclusively on *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), in its analysis under the third prong of the *Cohen* test. This reliance is misplaced. *Firestone* involved the appealability of an order denying disqualification of opposing counsel, which is qualitatively different from an order denying appointed counsel. *See Henry,* 763 F.2d at 770 (Krupansky, Circuit Judge, dissenting); *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981). "Disqualification orders do not result in the inability of litigants to advance through their trial and to raise possible issues of the appropriateness of the disqualification order on appeal." *Robbins,* 750 F.2d at 413. As the Supreme Court explained in *Firestone* itself:

> The propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment. The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.

449 U.S. at 377, 101 S.Ct. at 675.

This is not the case with a denial of a motion for appointed counsel. An order denying disqualification of opposing coun-

sel poses only a minimal and hypothetical danger of prejudice to the party seeking appellate review of that order. *See Bradshaw,* 662 F.2d at 1312. The aggrieved party can still adequately present its case and pursue an appeal with the assistance of counsel. By contrast, an order denying appointed counsel poses a serious and immediate threat of probably irreparable prejudice. *See Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1068 (7th Cir.1981) (Swygert, Senior Circuit Judge, dissenting). I thus find that *Firestone* is not only distinguishable, but supports the opposite conclusion reached by the majority.

## II.

There is no deluge in this court of appeals from denials of court appointed counsel. The policy of judicial economy underlying the majority's holding cuts both ways. Indeed the Ninth Circuit has explained that permitting an appeal from an order denying appointed counsel serves judicial economy, whether the denial was proper or erroneous. *See Bradshaw,* 662 F.2d at 1315. In sum, while some kinds of section 1983 and Title VII issues have created burdens on this court, the issue in this case is not one of them.

I conclude that the order in this case satisfies all three requirements of *Cohen* and *Coopers & Lybrand.* Although I recognize this as a relatively close case, I would follow *Caston* and hold that an order denying appointed counsel in section 1983 cases is appealable under section 1291. I therefore would not dismiss the appeal for lack of jurisdiction, and would reach the merits of whether the district court erred in denying appellant's motion for appointment of counsel.