886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie Mae SUTTLES, Administratrix of the Estate of Wadie E.
Suttles, Sr., Deceased, Plaintiff-Appellant,
v.
CITY OF CHATTANOOGA, TENNESSEE; Mike Williams, Officer;
Melvin Carson, Officer; Defendants-Appellees,
Lee Hicks, Captain, in his Official Capacity & Unidentified
Police Officers of the City of Chattanooga, Tennessee; Emil
Michals; Robert Bledsoe; Alec Conners; Unidentified
Employees of the City of Chattanooga, working at the
Chattanooga City Jail, Defendants.
 Nos. 89-5344, 89-5345.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jessie Mae Suttles moves for counsel and oral argument and appeals from the district court's order denying her Fed.R.Civ.P. 60(b)(6) motion to vacate or relieve her of a previous adverse final judgment. In Case No. 89-5344, Suttles appeals from the district court's order denying her request for counsel.
 
 
 3
 Suttles originally brought a 42 U.S.C. Sec. 1983 civil rights action, seeking damages and other relief for the death of her husband following an injury he received in the Chattanooga City Jail. Following an eight-day trial, the jury returned a verdict in favor of two defendants, who were police officers. However, the jury was unable to reach a verdict with respect to the defendant City of Chattanooga. The trial judge granted the City's motion for a directed verdict. Suttles appealed that decision and the Sixth Circuit affirmed.
 
 
 4
 Subsequently, Suttles filed this motion pursuant to Fed.R.Civ.P. 60(b), seeking to have the trial court relieve her from its previous adverse final judgment or grant a new trial in the matter. Suttles claimed that she was entitled to relief under Fed.R.Civ.P. 60(b)(6) because the Supreme Court changed the legal standard concerning municipal liability for employee actions, and because that ruling directly affected her case. She also moved for appointment of counsel. The district court denied the motion, deciding that it was filed too late and, in any event, the recent Supreme Court decision did not create a change in the law which would benefit Suttles. The district court then denied her motion for appointment of counsel.
 
 
 5
 On appeal, Suttles argues that the district court improperly denied her Fed.R.Civ.P. 60(b)(6) motion and that two trial witnesses violated her rights under 42 U.S.C. Sec. 1985(2) by covering up the existence of a letter which named the individual who the Department of Justice believed was responsible for her husband's death.
 
 
 6
 As an initial matter, Suttles's claim that two trial witnesses violated her rights under 42 U.S.C. Sec. 1985(3) was not raised in her Fed.R.Civ.P. 60(b)(6) motion in the district court and, thus, will not be considered for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 Upon consideration, we affirm the district court's order. A trial court's discretion to grant relief under Rule 60(b)(6) is especially broad given the underlying equity principles involved, see Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989), and Suttles has not proven that the district court abused its discretion in denying the motion so as to entitle her to relief. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 8
 Specifically, the district court correctly decided that Suttle's motion was not timely. Fed.R.Civ.P. 60(b)(6) states that the motion for relief from judgment or order shall be made within a reasonable time (emphasis supplied). A reasonable length of time depends on the circumstances of each case. Smith v. Secretary of Health and Human Servs., 776 F.2d 1330, 1333 (6th Cir.1985). The final judgment in Suttles's Sec. 1983 action was entered on July 17, 1986. Over two and one-half years elapsed since the entry of the judgment, and over five months have elapsed since this court affirmed the district court's judgment. Under the circumstances of this case, where Suttles has been pursuing her claim diligently since 1984, the district court reasonably concluded that two and one-half years was not a reasonable time within which to file a motion for relief from judgment.
 
 
 9
 In addition, the district court reasonably concluded that the decision in City of Canton v. Harris, 109 S.Ct. 1197 (1989) does not create a change in the law which benefits Suttles. A change in the law ordinarily is not a valid ground for relief under Fed.R.Civ.P. 60(b)(6). Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir.), cert. denied, 479 U.S. 885 (1986). In Harris, the Supreme Court decided that inadequate police training may serve as a basis for municipal liability under 42 U.S.C. Sec. 1983 only where the failure to train amounts to deliberate indifference to the constitutional rights of those with whom the police come into contact. 109 S.Ct. 1204. This standard is consistent with the rule in Monell v. New York Dep't of Social Servs., 436 U.S. 658, 694-95 (1978), that a governmental entity is not liable under Sec. 1983 unless a municipal custom or policy causes the constitutional violation. The failure to train can be considered as an actionable policy only where the failure reflects the municipality's deliberate choice. Furthermore, proof that any deficiency in training caused injury to the plaintiff is still a prerequisite to municipal liability under Sec. 1983. See 109 S.Ct. at 1203. The district court correctly decided, and was affirmed by this court, that there was no evidence that police training was so inadequate as to be a basis of liability, and that there was no evidence from which the jury could within reason find that any officer's training or lack thereof was linked to the death of Suttles's husband.
 
 
 10
 Finally, regarding Case No. 89-5344, the district court's order denying appointment of counsel is not appealable. See Holt v. Ford, 862 F.2d 850, 852 (11th Cir.1989).
 
 
 11
 For these reasons, the motions for counsel and oral argument are denied, and the district court's order reviewed under Case No. 89-5345 denying the motion to vacate is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and the appeal in Case No. 89-5344 from the district court's order denying the request for counsel is dismissed for lack of jurisdiction pursuant to Rule 9(b)(1), Rules of the Sixth Circuit.