Glenda M. HODGES,
Plaintiff–Appellant,

v.

DEPARTMENT OF CORRECTIONS, STATE OF GEORGIA; David Evans, Commissioner; Central Correctional Institution, Administration, Defendants–Appellees.

No. 88–8604.

United States Court of Appeals, Eleventh Circuit.

March 8, 1990.

---

Diane Zimmerman, Warner Robins, Ga. (Court-appointed), for plaintiff-appellant.

Susan L. Rutherford, Georgia Dept. of Law, Atlanta, Ga., for defendants-appellees.

Before COX, Circuit Judge, HILL* and SMITH**, Senior Circuit Judges.

PER CURIAM:

In this case, we granted the Plaintiff/Appellant's motion to proceed on appeal in forma pauperis and appointed counsel to brief and argue the important issue of jurisdiction presented for decision. The plaintiff, Glenda M. Hodges, sued the Georgia Department of Corrections, its Commissioner, and the administration of the Central Correctional Institution under 42 U.S.C. § 2000e (Title VII). Hodges, a black

female, alleges that she was treated differently than similarly situated white females working for the Department of Corrections. In her complaint, Hodges moved the district court for appointment of counsel.[1] The district court denied Hodges' motion for appointment of counsel, stating in substance that her claim did not present an unusual, egregious or complex claim, but raised only routine allegations found in many such employment discrimination suits. The court then found that this action did "not involve the type of exceptional circumstances that would warrant appointment of counsel." Subsequently, the district court also denied Hodges' motion to proceed on appeal in forma pauperis, for the reason that the earlier order did not result in a final disposition of the case as required under 28 U.S.C. § 1291, nor did it involve "a controlling question of law as to which there is a substantial ground for difference of opinion," under 28 U.S.C. § 1292(b). We granted plaintiff's motion and appointed counsel to facilitate the consideration of an important question left undecided by *Holt v. Ford*, 862 F.2d 850 (11th Cir.1989) (*en banc*).

In *Holt v. Ford*, 862 F.2d 850 (11th Cir.1989), the *en banc* court held that the denial of a motion for appointment of counsel in an in forma pauperis action brought under 42 U.S.C. § 1983 did not come within the exception to the finality requirement recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[2] Such an order denying appointment of counsel, therefore, was not immediately appealable under 28 U.S.C. § 1291. The *Holt* court declined to extend its holding to orders denying the appointment of counsel in Title

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Title VII contains a discretionary attorney appointment provision, which in relevant part reads as follows:

   Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the com-

mencement of the action without the payment of fees, costs, or security.
   42 U.S.C.A. § 2000e–5 (1981).

2. The *Cohen* exception was refined in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). An interlocutory order may be appealed if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment.

VII cases, because that question was not before the court. In *Holt*, however, the majority questioned the continued viability of *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir.1977), a panel opinion from our predecessor circuit which held squarely that a denial of appointment of counsel in a Title VII case was immediately appealable under the *Cohen* exception to the final judgment rule.[3] The *Holt* majority noted: "[w]e see no principled basis for distinguishing orders denying appointed counsel in Title VII cases from such orders in section 1983 cases." 862 F.2d at 855. Neither do we. We conclude that *Caston* has been implicitly overruled by *Holt v. Ford*, 862 F.2d 850, and for the reasons set forth in that opinion, we hold that orders denying the appointment of counsel in Title VII cases are not immediately appealable under the *Cohen* exception to section 1291. Accordingly, we dismiss Hodges appeal for lack of jurisdiction.[4]

---

**3.** In the *en banc* decision in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**4.** We note that our holding agrees with the majority of Courts of Appeal that have addressed this issue. *See generally*, Annotation, *Appealability of Federal Court Order Denying Motion for Appointment of Counsel for Indigent Party*, 67 A.L.R.Fed. 925 (1984). By our count, only the Fifth, Eighth, and Ninth Circuits now hold that denials of appointment of counsel in Title VII cases are appealable prior to final judgment. *See Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985); *Slaughter v. City of Maplewood*, 731 F.2d 587 (8th Cir.1984); *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir.1981). The Ninth Circuit takes the unusual position that denials of appointed counsel are immediately appealable in Title VII cases, but are not in 42 U.S.C. § 1983 cases. *See Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir.1986).