[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10301

Non-Argument Calendar

_____

TABITHA MCKENZIE,

Plaintiff-Appellant,

*versus*

CHIEF JUDGE,
CASEY T. BARREN,
Lawyer For DCF,
LISA TANNER,
Case Manager,

Defendants-Appellees,

2                      Opinion of the Court                   24-10301

BRITTNEY BAXTER,
Case Manager,

                                                        Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00470-WS-MJF

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

In these proceedings under 42 U.S.C. § 1983, Tabitha McKenzie appeals from the district court's January 24, 2024 order affirming a magistrate judge's denial of her motion to appoint counsel. The district court's order was not final and appealable, however, because it did not end the § 1983 proceedings on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

McKenzie's § 1983 complaint remains pending before the district court, and the court did not certify its January 24 order for immediate review under Federal Rule of Civil Procedure 54(b). *See*

24-10301             Opinion of the Court                    3

*Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)).  Nor is the district court's January 24 order effectively unreviewable on appeal from a final order resolving the case on the merits.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment"); *Holt v. Ford*, 862 F.2d 850, 851-54 (11th Cir. 1989) (*en banc*) (holding that an order denying the appointment of counsel in a § 1983 action is not immediately appealable under the collateral order doctrine).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.