[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-14094

Non-Argument Calendar

_____

RAFAEL BELTRE,

Plaintiff-Appellant,

*versus*

FIT GUYS WALK, LLC,
d.b.a. Planet Fitness,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-01554-TGW

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Rafael Beltre, proceeding *pro se*, appeals the dismissal of his complaint against Fit Guys Walk, LLC. He asserts the district court erred in dismissing his complaint because he used the forms provided by the district court, did not seek the same relief as in his prior arbitration action, and alleged that Fit Guys Walk acted under a Florida statute. He also contends the district court erred in denying his motion for appointment of counsel and in striking interrogatories and initial disclosures he filed on the court's docket. After review, we affirm the district court.[1]

## I.  DISMISSAL

"To state a claim under 42 U.S.C § 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived it of a right protected by the Constitution or by a federal statute." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). Section "1983 only provides for claims to redress State action." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Private parties qualify as state actors only if:

---

[1] Beltre's "Motion of Amendment," construed as a motion to amend his brief or file a supplemental brief, is DENIED.

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Id.* (quotations and alterations omitted). Furthermore, "[s]ection 1983 is no source of substantive federal rights. Instead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right." *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (citations omitted), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 389–90 (2007).

The district court did not err in dismissing Beltre's complaint. *See Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (reviewing dismissal for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff). As an initial matter, the basis of Beltre's complaint is unclear. While the form he was using presupposed the claim was brought under § 1983 or *Bivens*, he selected neither § 1983 or *Bivens* on the form and the website maintained by the district court does not state the particular form is only for § 1983 complaints. *See* All Forms – Litigants without Lawyers Forms, United States District Court Middle

District of Florida, https://www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms (last accessed July 26, 2024). (providing various fillable form complaints on the website, including a "Complaint for Violation of Civil Rights (Non-Prisoner)" but not stating any form is to be used only for § 1983 actions). On the contrary, Beltre, on his civil cover sheet, cited that he was filing under Florida Statute § 621.07.[2] Besides his use of the "Complaint for Violation of Civil Rights (non-Prisoner)" form, the only indication that Beltre intended to bring a claim under § 1983 was that he alleged that Fit Guys Walk acted under color of state law because it "acted under Florida Statute 621.07."

Liberally construing his complaint, Beltre may have intended to bring claims under either § 1983 or Florida Statute § 621.07. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (stating pleadings by *pro se* litigants are liberally construed). First, under § 1983, Beltre would have to allege "that [Fit Guys Walk], acting under color of state law, deprived [him] of a right protected by the Constitution or by a federal statute." *Club Madonna*, 924 F.3d at 1378. Beltre did not "point to a violation of a specific federal right" because his vague and conclusory factual allegations make it impossible to determine the basis of his complaints. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating courts are not required to give credence to conclusory allegations); *Whiting*, 85 F.3d at 583. His

---

[2] Florida statute § 621.07 delineates when individual constituents are liable and when their limited liability company or corporation is liable. Fla. Stat. § 621.07.

later explanation that he was deprived of rights under the First and Fourteenth Amendments because his "willingness to express [his] innocence in the matter [was] taken from" him is not properly considered in deciding the motion to dismiss, as it does not appear in the complaint itself. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (stating unless the plaintiff incorporates another document by reference in their complaint, "we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss").

Nor did Beltre allege Fit Guys Walk was a state actor. *See Rayburn*, 241 F.3d at 1347. He did not allege that Fit Guys Walk was a part of the government. He alleged that Fit Guys Walk acted under color of state law because it "acted under Florida Statute 621.07." That statute, however, merely delineates liability and does not: (1) coerce Fit Guys Walk; (2) show Fit Guys Walk performed a traditional state function; or (3) show the state was in a joint enterprise with Fit Guys Walk. *See id*. He also seems to allege Fit Guys Walk provided false information about him to law enforcement. However, he does not allege the state coerced Fit Guys Walk to do so, nor is providing information to law enforcement traditionally an exclusive state function, nor does it show the state was in a joint enterprise with Fit Guys Walk. *See id*. Thus, the district court did not err in dismissing the complaint to the extent Beltre brought a § 1983 claim.

If, in the alternative, Beltre alleged a claim under Florida Statute § 621.07, then dismissal was also appropriate. If the suit was

brought under a Florida statute, the district court would have lacked subject matter jurisdiction as he alleged a violation of Florida law and Beltre alleged that he and Fit Guys Walk were citizens of the same state. 28 U.S.C. §§ 1331-32 (providing federal courts have jurisdiction over actions brought pursuant to federal law and actions "where the matter in controversy exceeds the sum or value of $75,000" and the litigants are "citizens of different States"). Thus, the district court did not err in dismissing Beltre's complaint.

## II.  APPOINTMENT OF COUNSEL

"Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted). "In determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Generally, civil litigants must be indigent in order to warrant appointment of counsel. *Id.*

The district court did not abuse its discretion in denying Beltre's motion for appointment of counsel or his motion to reconsider that denial. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating denials of motions for appointment of counsel are reviewed for abuse of discretion and "[t]he district court has broad discretion"). The district court did not commit a clear error of judgment in concluding that Beltre's circumstances were not exceptional, despite his indigency and the potential need for

discovery, as his claim, the vagueness of his own allegations aside, is not factually or legally complex and was likely to be meritless. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017) ("An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact."); *Holt*, 862 F.2d at 853.

## III.  DISCOVERY

District courts have "the inherent power to police [their] docket." *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This includes the ability to strike pleadings "to enforce its orders and ensure prompt disposition of legal actions." *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). Generally, discovery materials "must not be filed until they are used in the proceeding or the court orders filing."  Fed. R. Civ. P. 5(d)(1)(A).  The parties instead must give to or serve on each other those materials, including initial disclosures and interrogatories. *Id*. R. 26(a)(1)(A), 33(a)(1).  Local rules in the Middle District of Florida require parties to file disclosure statements.  M.D. Fla. Local R. 3.03.  Those rules also require the parties to give each other 14 days' notice of depositions and *subpoenas duces tecum*.  *Id*. R. 3.04.

The district court did not abuse its discretion in striking the interrogatories and initial disclosures Beltre filed.  *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004) (reviewing discovery rulings for abuse of discretion); *State Exch. Bank*, 693 F.2d at 1352 (reviewing for abuse of discretion a district court's

decision to strike pleadings).  The district court is empowered to control its own docket and all relevant rules and orders, including those cited by Beltre, prohibit the general filing of discovery documents and instead direct that they be directly exchanged between the parties, or are silent on the matter.  *See Mingo*, 864 F.2d at 102; Fed. R. Civ. P. 5(d)(1)(A), 26(a)(1)(A), 33(a)(1).

Similarly, the local rule requiring notice be given before depositions does not require that interrogatories or initial disclosures be filed.  M.D. Fla. Local R. 3.04.  While local rules require the filing of disclosure statements, neither of the stricken documents was a disclosure statement.  M.D. Fla. 3.03.

**AFFIRMED.**